IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNIE MAE JACKSON O'BERRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-476-MHT-TFM |
| | ) | |
| J.K. BOGARD and J.A. WELLS, Individually and in their official Capacity as police officers of the City of Montgomery Police Department, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 17, 2017, Plaintiff filed this action *pro se* pursuant to 42 U.S.C § 1983 alleging that Defendants violated her Fourth Amendment rights when they unlawfully arrested her.  (Doc. 1).  On August 11, 2017, Defendants filed an Answer to the Complaint.  (Doc. 7).  Thereafter, the Court set this matter for a Status and Scheduling conference on September 19, 2017.  (Doc. 10).   In this Order, the Court also advised the Plaintiff as follows:

> **The plaintiff is specifically cautioned that if she fails to file a response as required by this order, the court will treat her failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute her action and the undersigned will recommended that this case be dismissed for such failure.**

(*Id*.).   Thereafter, Plaintiff filed a Motion to Continue.   (Doc. 14).   The Court granted the Motion to Continue and reset the hearing to Thursday, September 28, 2017 by

teleconference. This Order again included the cautionary language set out above. (Doc. 15). The Court received a return receipt card signed by Plaintiff on September 20, 2017, demonstrating that she received this Order. (Doc. 16).

On September 28, 2017, the Court held the scheduled teleconference and Plaintiff failed to appear. Plaintiff did not file a motion with the Court seeking a continuance of this teleconference. Nor did Plaintiff notify the Court in any manner that she needed the status and scheduling conference set at a different time or on a different date. Also, the Court set the matter by teleconference, rather than requiring Plaintiff to appear in person, in an attempt to relieve any burden on Plaintiff. Thus, the Court issued an Order requiring Plaintiff show cause for her failure to appear on or before October 13, 2017. This Order again included the cautionary language stated above. (Doc. 17). The Court received a return receipt card signed by Plaintiff on October 2, 2017 demonstrating that she received this Order. (Doc. 18). Plaintiff has again failed to respond. Accordingly, the Court concludes this matter is due to be dismissed for Plaintiff's failure to prosecute.

A sua sponte dismissal for failure to prosecute has long been recognized as within the power of the Court. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-631 (1962) (Affirming lower court's dismissal of action where attorney failed to appear for pre-trial conference and the district court duly considered this failure "in light of 'the history of this litigation.'"). Indeed, the *Link* Court held that

> "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate in this case.   After such review, it is clear that dismissal of this case is the proper course of action.

Indeed, in spite of the Court setting and resetting the Scheduling and Status Conference and notice to Plaintiff that it would dismiss this action for Plaintiff's failure to appear, Plaintiff failed to appear.   Thus, the Court concludes that dismissal is proper in this action, especially considering the cautionary language contained in both orders. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate s   1983 action for failure to file an amendment to complaint in compliance with court s order directing amendment and warning of consequences for failure to comply.)   Accordingly, the Court concludes that this action is due to be dismissed without prejudice.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.   It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **October 30, 2017.**   Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th day of October, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE